Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
Talya Goldfinger (State Bar No. 294926)
tgoldfinger@rutan.com
Sarah Van Buiten (State Bar No. 324665)
svanbuiten@rutan.com
Jackson Backer (State Bar No. 346209)
jbacker@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
STUSSY, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUSSY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SHEIN DISTRIBUTION CORPORATION dba SHEIN; ZOETOP BUSINESS CO., LTD. dba SHEIN; ROADGET BUSINESS PTE., LTD. dba SHEIN; SHEIN US SERVICES, LLC dba SHEIN; and SHEIN TECHNOLOGY, LLC dba SHEIN,<br><br>Defendants. | Case No. 8:25-cv-2736<br><br>**COMPLAINT FOR:**<br>**(1) FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING [15 U.S.C. § 1114];**<br>**(2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**<br>**(3) FEDERAL TRADEMARK DILUTION [15 U.S.C. § 1125(c)];**<br>**(4) CALIFORNIA TRADEMARK INFRINGEMENT AND COUNTERFEITING;**<br>**(5) CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT;**<br>**(6) CALIFORNIA STATUTORY DILUTION;**<br>**(7) CALIFORNIA COMMON LAW DILUTION;**<br>**(8) CALIFORNIA UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES [Ca Bus. & Prof. Code § 17200, _et seq._];**<br>**(9) VICARIOUS TRADEMARK INFRINGEMENT;**<br>**(10) FEDERAL COPYRIGHT INFRINGEMENT; AND**<br>**(11) FEDERAL VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Rutan & Tucker, LLP
attorneys at law

As a Complaint herein, plaintiff STUSSY, INC. ("Plaintiff" or "Stussy") alleges against defendants SHEIN DISTRIBUTION CORPORATION dba SHEIN ("SDC"), ZOETOP BUSINESS CO., LTD. dba SHEIN ("Zoetop"), ROADGET BUSINESS PTE., LTD. dba SHEIN ("Roadget"), SHEIN US SERVICES, LLC dba SHEIN ("Shein USS"), and SHEIN TECHNOLOGY, LLC dba SHEIN ("Shein Tech") (hereinafter, SDC, Zoetop, Roadget, Shein USS and Shein Tech sometimes collectively referred to as "Defendants"), as follows:

## I.    **NATURE OF THE ACTION**

1.      Despite prior litigation concerning the same types of wrongful and willful acts alleged herein, a written settlement agreement concerning same, and multiple cease and desist demands by Plaintiff, Defendants continue to willfully infringe on Plaintiff's intellectual property rights – choosing profit over integrity and respect for intellectual property law.  Moreover, the sheer scale of Defendants' voluminous online infringements, and Defendants' refusal to take simple, reasonable technical measures to prevent same, reveal a deliberate business strategy: infringe first, settle only if caught, and treat legal costs as a trivial expense compared to the much more substantial profits wrongfully gained.  This misconduct is not an accident or oversight; it is how Defendants choose to operate, thus necessitating imposition of maximum statutory penalties and strong injunctive relief in order to deter continuing and future offenses.

2.      This is an action for: (a) trademark infringement and counterfeiting of Plaintiff's federally registered STUSSY trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (b) unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) federal trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (d) federal copyright infringement under Section 501, *et seq*. of the Copyright Act of 1976; and (e) substantial and related claims under California statute and common law for trademark infringement and counterfeiting, dilution and unfair competition,

1  all arising from Defendants' unauthorized use, sale, offering for sale, distribution

2  and advertising of fake marks and designations identical to and/or substantially

3  indistinguishable from Plaintiff's established trademarks and designs in connection

4  with the manufacture, distribution, marketing, promotion, offering for sale, and/or

5  sale of, without limitation, Defendants' counterfeit shirts, tank tops, sweatshirts,

6  pants, jerseys, rugs, and related items (collectively, "the Accused Products").

7  Moreover, in the event Defendants deny their direct liability for trademark and

8  copyright infringement as to any of the Accused Products, Plaintiff pleads

9  Defendants' vicarious liability in the alternative.

10  **II.     JURISDICTION AND VENUE**

11       3.     This Court has original subject matter jurisdiction of this action

12  pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a)-(b) inasmuch as

13  this action involves claims arising under the Lanham Act and under the Copyright

14  Act of 1976, 17 U.S.C. § 101, *et seq*., as well as substantially related claims for

15  unfair competition.  This Court has supplemental subject matter jurisdiction over all

16  other claims alleged herein pursuant to 28 U.S.C. § 1367 because they are so related

17  that they form part of the same case or controversy.

18       4.     This Court has personal jurisdiction over Defendants because each of

19  Defendants is located in, doing business in and/or directing business towards this

20  Judicial District, including without limitation, according to Defendants' corporate

21  website sheingroup.com, that Defendants maintain an office in this Judicial District

22  at 777 S. Alameda St., 2nd Floor, Los Angeles, California 90021-1672, which

23  Defendants consider a "key center of operation" ("Headquartered in Singapore,

24  SHEIN serves customers in 150+ countries from key centers of operation around the

25  world, including the U.S., . . . . SHEIN has offices in Los Angeles, . . . ." *See*

26  Exhibit "1" attached hereto and incorporated herein by this reference).

27       5.     Further, the "U.S. Terms of Service" (the "Terms of Service") on the

28  us.shein.com website state, "The Site and the App are provided by *SHEIN US*

1   *Services, LLC*."  (See Exhibit "2" attached hereto and incorporated herein by this

2   reference.)  The Terms of Service also define "Shein" and/or "company" as

3   referring to "*SHEIN US Services, LLC and its affiliates.*"  *Id*.  The Terms of Service

4   also state, "The Services are intended for U.S.-based users," and dictate that the

5   courts located in California are the "Exclusive venue" for legal disputes for users in

6   the United States ("[Y]ou and SHEIN agree that all claims and disputes arising out

7   of or relating to this Agreement will be litigated exclusively in the state or federal

8   courts located in California.").  *Id*.  The Terms of Service also state, "If you are a

9   California resident, you hereby waive California Civil Code Section 1542," further

10  indicating that California residents are intended customers.  *Id*.

11          6.      Venue for this action is proper in the Central District of California

12  pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or

13  omissions giving rise to the claims occurred in the Central District of California,

14  including acts of infringement that occurred in this District and damages suffered by

15  Plaintiff in this District, pursuant to 28 U.S.C. § 1391(b)(1) because Defendants

16  reside in this Judicial District, and/or pursuant to 28 U.S.C. § 1391(b)(3), in that one

17  or more Defendants are subject to personal jurisdiction in this District with respect

18  to this action, and there is no other district in which the action may otherwise be

19  brought.  Venue is also proper in this Judicial District under 28 U.S.C. §1400(a)

20  because each of the Defendants reside or may be found here.

21  **III.    PARTIES**

22          7.      Plaintiff is a corporation duly organized and existing under the laws of

23  the State of California, having its principal place of business within the Central

24  District of California at 17426 Daimler Street, Irvine, California 92614.

25          8.      Plaintiff alleges on information and belief that SDC, individually and

26  doing business as SHEIN, is a Delaware corporation with its principal place of

27  business located in the Central District of California at 777 S. Alameda St., 2nd

28  Floor, Los Angeles, California 90021-1672.  Plaintiff further alleges on information

and belief that SDC, and the other Defendants, themselves and together with others, engage in the use, creation, maintenance, modification and operation of the sheingroup.com website, the us.shein.com website and various "SHEIN" mobile shopping applications (collectively, "the SHEIN Sites") which, *inter alia*, are intentionally directing SHEIN business and activities towards persons in California, are being utilized by persons in California, are committing wrongdoings in California, and are knowingly causing damages to Plaintiff in California, including in this Judicial District.

9.     Plaintiff alleges on information and belief that Zoetop, individually and doing business as SHEIN, is a Hong Kong company doing business in the Central District of California and is or was the owner and/or operator of one or more of the SHEIN Sites and/or the supplier of products to the SHEIN Sites, and/or is or was otherwise involved with the marketing, sale, offering for sale, and/or distribution of infringing products as alleged herein through the SHEIN Sites.  Plaintiff further alleges on information and belief that Zoetop is the main legal entity behind SHEIN's global brands, acts as the business arm for SHEIN operations, owns and manages numerous SHEIN trademarks, controls the SHEIN corporate structure, and oversees key aspects of international business operations and brand management for SHEIN, including without limitation, in California, including in this Judicial District.

10.     Plaintiff alleges on information and belief that Roadget, individually and doing business as SHEIN, is a Singapore company that is doing business in the Central District of California, that it controls SHEIN's brand rights, as well as certain of SHEIN's e-commerce business, and is, or at relevant times was, involved with the use, creation, maintenance, modification and operation of the SHEIN Sites as described above.

11.     Plaintiff alleges on information and belief that Shein USS, individually and doing business as SHEIN, is a Delaware limited liability company that is doing

business in the State of California and within the Central District of California, and maintains its principal place of business at 777 S. Alameda St., 2nd Floor, Los Angeles, California 90021-1672.

12.    Plaintiff alleges on information and belief that Shein Tech, individually and doing business as SHEIN, is a Delaware limited liability company that is doing business in the State of California and within the Central District of California, and maintains its principal place of business at 777 S. Alameda St., 2nd Floor, Los Angeles, California 90021-1672.

13.    Defendants and the SHEIN Sites represent to the world, including prospective and actual customers, that "SHEIN" is a single worldwide entity, commonly referred to as "The SHEIN Group", and that SHEIN or the SHEIN Group has "nearly 10,000 employees" and serves "more than 150 countries." (See Exhibit "3" attached hereto and incorporated herein by this reference.) The SHEIN Sites represent that "We have offices in Los Angeles, Sao Paulo, Dublin, Guangzhou, Paris, Washington D.C., London and Singapore." (See Exhibit "1".)

14.    Plaintiff alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of Defendants was the agent of each of the other Defendants, and was at all times acting within the course and scope of such agency, and with the knowledge and approval of each of the other Defendants. Plaintiff further alleges on information and belief that each of Defendants is responsible in some manner for the wrongful acts and infringements alleged herein, and is liable to Plaintiff for the damages Plaintiff has incurred as described herein.

15.    Plaintiff alleges on information and belief that Defendants are commonly owned and managed and are engaging in a joint enterprise and/or conspiracy to commit the acts alleged herein. Plaintiff further alleges on information and belief that each of Defendants as joint venturers and co-conspirators, was authorized and empowered by each other to act, and did so act, for

1  their own individual gain and benefit, and knowingly and willfully conspired among

2  themselves to engage in the wrongful acts and infringements alleged herein, and

3  that, in performing such acts, each of Defendants was the co-conspirator of each of

4  the other Defendants, and was at all times acting, and did act, in furtherance of, and

5  with full knowledge of, the unlawful purposes of such conspiracy.

6  **IV.    GENERAL ALLEGATIONS**

7  **Plaintiff's Famous STUSSY Trademarks**

8      16.    Plaintiff is an Irvine-based street fashion brand that is famous. Its

9  STUSSY name and iconic trademarks are instantly recognized.

10     17.    Since approximately 1980, Plaintiff has been and is now engaged in the

11  business of manufacturing, promoting, distributing and selling its high-quality

12  clothing. All of Plaintiff's products are manufactured pursuant to its strict

13  specifications and quality control. Plaintiff is considered an "exclusive" high-end

14  brand and relies on such exclusivity to promote its products and sales.

15     18.    Since well before the wrongful acts of Defendants as described herein,

16  Plaintiff has long used its trademark STUSSY, and its other trademarks including

17  without limitation, those listed below in Paragraph 22, including its internationally

18  recognized "Stussy World Tour" Mark, its SS Link Mark, its SS Plain Mark, and its

19  iconic Eight Ball logo, among others (collectively referenced herein as "the

20  STUSSY Marks"). The STUSSY Marks are widely recognized, and their popularity

21  has been driven by Plaintiff's arduous quality standards and innovative designs.

22  Plaintiff has worked for decades to cultivate a reputation for excellent products and

23  to maintain its status as a highly sought-after brand.

24     19.    Plaintiff and its products are famous throughout the United States and

25  have been so for decades. Since the 1980s, Stussy has sold its products through

26  carefully chosen stores, as well as its own STUSSY-branded stores in centers such

27  as Los Angeles, New York, Honolulu, and worldwide. Plaintiff's products are in

28  such demand that there often are lines of customers waiting to get into the stores.

Rutan & Tucker, LLP
*attorneys at law*

20.    Plaintiff undertakes extensive efforts to promote and preserve its brand. Over the past 40 years, Plaintiff has spent tens of millions of dollars in advertising, promotions, and marketing featuring the STUSSY Marks.  Plaintiff and its products bearing the STUSSY Marks have also enjoyed extensive, unsolicited publicity resulting from its high-quality, innovative designs and renown as a desired, limited-access brand.  Plaintiff's products bearing the STUSSY Marks have been featured in numerous magazine spreads and publications.

21.    Plaintiff has built substantial goodwill in the STUSSY Marks, which is of substantial value to Plaintiff.

22.    Plaintiff is the owner of the STUSSY Marks both through registrations therefor and at common law.  Plaintiff owns the following registrations for its STUSSY Marks:

| Trademark | Registration | Goods |
|---|---|---|
| **The Federally Registered STUSSY Marks** | | |
| STUSSY (word mark) | This mark registered on the Principal Register of the United States Patent & Trademark Office ("the USPTO") on December 25, 2007 as Registration No. 3359114.  This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "clothing, namely, bathing suits, belts, coats, dresses, jackets, jerseys, pajamas, pants, rainwear, scarves, shirts, shorts, skirts, socks, sweat pants, sweat shirts, sweaters, sweatbands, swim suits, t-shirts, tank tops, vests, underwear, wind-resistant jackets, footwear, headwear" in International Class 25. |

| Trademark | Registration | Goods |
|---|---|---|
| STUSSY (word mark) | This mark was registered on the Principal Register of the USPTO on July 28, 1998 as Registration No. 2176426. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "luggage, all purpose sport bags, carry-on bags, tote bags, travel bags, beach bags, backpacks, waist packs, book bags" in International Class 18. |
| The stylized "Stussy with umlaut" mark, as shown below:<br><br>STÜSSY | This mark was registered on the Principal Register of the USPTO on November 6, 2001 as Registration No. 2504298. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "clothing, namely, bathing suits, belts, coats, dresses, head bands, jackets, jerseys, pants, rainwear, shirts, shorts, skirts, sweat pants, sweat shirts, sweaters, swim suits, t-shirts, tank tops, vests, wind-resistant jackets; footwear, headwear" in International Class 25. |
| The stylized "Stussy Graffiti" mark, as shown below:<br><br> | This mark was registered on the Principal Register of the USPTO on May 13, 1997 as Registration No. 2060941. This registration has become incontestable within the | This registration covers "clothing, namely T-shirts, sweatshirts, jerseys, shorts, sweatpants, jackets, hats, caps, swimsuits, skirts, dresses, shirts, tank tops, |

| Trademark | Registration | Goods |
|---|---|---|
| | meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | pants, coats and belts" in International Class 25. |
| The stylized "Stussy Graffiti" mark, as shown below:  | This mark was registered on the Principal Register of the USPTO on November 13, 2007 as Registration No. 3334366.  This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "clothing, namely, bathing suits, belts, coats, dresses, jackets, jerseys, pajamas, pants, rainwear, scarves, shirts, shorts, skirts, socks, sweat pants, sweat shirts, sweaters, sweatbands, swim suits, t-shirts, tank tops, vests, underwear, wind-resistant jackets, wristbands; footwear, headwear" in International Class 25. |
| The stylized "Stussy Graffiti" mark, as shown below:  | This mark was registered on the Principal Register of the USPTO on October 10, 2000 as Registration No. 2393339.  This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "articles made from leather and imitations of leather, namely, backpacks, beach bags, book bags, carry-on bags, coin purses, cosmetic bags sold empty, daypacks, duffel bags, fanny packs, gym bags, handbags, leather key cases, luggage, passport |

| Trademark | Registration | Goods |
|-----------|-------------|-------|
| | | cases, purses, shopping bags, all purpose sports bags, travel bags, waist packs, wallets" in International Class 18. |
| The stylized "Stussy Script" mark, as shown below:<br> | This mark was registered on the Principal Register of the USPTO on June 13, 2000 as Registration No. 2357804. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "clothing, namely, bathing suits, belts, coats, dresses, jackets, jerseys, pants, rainwear, shirts, shorts, skirts, sweat pants, sweat shirts, sweaters, swim suits, t-shirts, tank tops, vests, wind-resistant jackets; headwear" in International Class 25. |
| The stylized "Stussy Script" mark, as shown below:<br> | This mark was registered on the Principal Register of the USPTO on September 18, 2018 as Registration No. 5564337. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "clothing, namely, belts; coats; footwear, namely, shoes; headgear, namely, hats, caps, beanies, scarves; hosiery; jackets; jerseys; pants; rainwear; scarves; shirts; shorts; socks; sweat pants; sweat suits; sweatshirts; swim suits; T- |

| Trademark | Registration | Goods |
|---|---|---|
| | | shirts; tank tops; wind resistant jackets" in International Class 25. |
| The stylized "Stussy Script" mark, as shown below:<br> | This mark was registered on the Principal Register of the USPTO on September 18, 2018 as Registration No. 5564336.  This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "All-purpose sport bags; All-purpose athletic bags; All-purpose carrying bags; Backpacks; Beach bags; Carryalls; Duffel bags; Fanny packs; Handbags; Luggage; Shoulder bags; Sports bags; Sports packs; Tote bags; Waist bags; Waist packs" in International Class 18. |
| The stylized "Stussy Thin Script" mark, as shown below:<br> | This mark was registered on the Principal Register of the USPTO on June 13, 2000 as Registration No. 2357805. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "clothing, namely, bathing suits, belts, coats, dresses, jackets, jerseys, pants, rainwear, shirts, shorts, skirts, sweat pants, sweat shirts, sweaters, swim suits, t-shirts, tank tops, vests, wind-resistant jackets; headwear" in International Class 25. |

| Trademark | Registration | Goods |
|---|---|---|
| The stylized "Stussy World Tour" mark, as shown below:<br> | This mark was registered on the Principal Register of the USPTO on August 14, 2018 as Registration No. 5539397. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "Clothing, namely, belts, jackets, pants, shirts, sweaters, sweatshirts, t-shirts, vests and headwear" in International Class 25. |
| The stylized "SS Link" mark, as shown below:<br> | This mark was registered on the Principal Register of the USPTO on February 23, 1999 as Registration No. 2225736. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "clothing, namely, coats, dresses, jackets, jerseys, pants, shirts, shorts, skirts, sweatshirts, sweatpants, swimsuits, t-shirts, tank tops, caps and hats" in International Class 25. |
| The stylized "SS Plain" mark, as shown below:<br> | This mark was registered on the Principal Register of the USPTO on May 12, 2009 as Registration No. 3618692. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. | This registration covers, among other things, "clothing, namely, bathing suits; belts; board shorts; coats; dresses; jackets; jerseys; pajamas; pants; polo shirts; rainwear; scarves; shirts; shorts; skirts; socks; |

| Trademark | Registration | Goods |
|---|---|---|
| | § 1065. | sweat pants; sweat shirts; sweaters; sweatbands; swim suits; t-shirts; tank tops; vests; underwear; wind-resistant jackets; wristbands; footwear; headgear, namely, berets, caps, hats, scarves" in International Class 25. |
| The stylized "Eight Ball logo" mark, as shown below:  | This mark was registered on the Principal Register of the USPTO on July 18, 2023 as Registration No. 7115443. | This registration covers "Rugs; Door mats; Door mats of textile" in International Class 27. |
| The stylized "Eight Ball logo" mark, as shown below:  | This mark was registered on the Principal Register of the USPTO on October 25, 2022 as Registration No. 6885821. | This registration covers "Backpacks; handbags; fanny packs; waist bags; waist packs" in International Class 18. |
| The stylized "Eight Ball logo" mark, as shown below:  | This mark was registered on the Principal Register of the USPTO on September 19, 2017 as Registration No. 5291490.  This registration has become incontestable | This registration covers "footwear, namely, shoes; headgear, namely, beanies, jackets; jerseys; pants; shirts; shorts; sweat pants; sweat suits; sweatshirts; T-shirts" |

| Trademark | Registration | Goods |
|---|---|---|
| | within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | in International Class 25. |
| The stylized "STUSSY + Eight Ball logo" mark, as shown below:<br> | This mark was registered on the Principal Register of the USPTO on February 20, 2010 as Registration No. 3752265. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "Caps; Hats; Shirts; Short-sleeved shirts; Sweat shirts; T-shirts" in International Class 25. |
| The stylized "STUSSY + Eight Ball logo" mark, as shown below:<br> | This mark was registered on the Principal Register of the USPTO on August 1, 2017 as Registration No. 5256784. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "All-purpose sport bags; All-purpose athletic bags; All-purpose carrying bags; Backpacks; Beach bags; Carryalls; Duffel bags; Fanny packs; Handbags; Luggage; Shoulder bags; Sports bags; Sports packs; Tote bags; Waist bags; Waist packs" in International Class 18. |
| The stylized "Swirly S" mark, as | This mark was registered on the Principal Register of the | This registration covers "Clothing, namely, Bottoms, |

| Trademark | Registration | Goods |
|---|---|---|
| shown below:  | USPTO on December 3, 2024 as Registration No. 7584088. | Hoodies, Jerseys, Pants, Shirts, T-shirts, Shorts, Sweaters, Sweatshirts, Sweatpants, and Tops; Headwear, namely, hats, baseball caps" in International Class 25. |
| The stylized "Surf Man" mark, as shown below:  | This mark was registered on the Principal Register of the USPTO on December 17, 2019 as Registration No. 5938647.  This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. | This registration covers "Clothing, namely, coats; dresses; pants; underwear; swimsuits; jackets; jerseys; sweaters; shirts; skirts; tee-shirts; blouses; underpants; boxer shorts; sports jerseys; vests; tights; footwear; shoes; slippers; sandals; boots; headgear, namely, caps; hats; visors being headwear; beanies; socks; gloves; scarves; belts" in International Class 25. |
| **The California Registered STUSSY Marks** | | |
| STUSSY (word mark) | This mark was registered in California on December 23, 1992 as Registration No. 96863. | This registration covers "Clothing, namely shirts, blouses, t-shirts, shorts, pants, jeans, jackets, |

| Trademark | Registration | Goods |
|---|---|---|
| | | sweatshirts, caps, bathing suites, vests, shoes, sandals" in International Class 25. |
| The stylized "STUSSY DESIGNS" mark, as shown below:  | This mark was registered in California on February 27, 2007 as Registration No. 112428. | This registration covers T-shirts" in International Class 25. |
| The stylized "STUSSY" mark, as shown below:  | This mark was registered in California on December 30, 1992 as Registration No. 96909. | This registration covers "Clothing, Namely shirts, blouses, t-shirts, shorts, pants, jeans, jackets, sweatshirts, caps, bathing suits, vests, shoes, sandals" in International Class 25. |

23.    All of the above-referenced federal and California trademark registrations are valid, subsisting, and exclusively owned by Plaintiff.  (Copies of each of those registrations are attached as Exhibit "4" hereto and are incorporated herein by this reference.)

32.    Plaintiff has given actual notice to Defendants that the STUSSY Marks are registered, including by displaying the registration symbol ® with the STUSSY Marks.  Plaintiff has also provided to Defendants the registration numbers for many of Plaintiff's registrations.  Plaintiff alleges on information and belief that Defendants and/or their counsel have conducted trademark searches and are fully aware of each and every trademark registration owned by Plaintiff in the United

1  States.

2       33.    The STUSSY Marks are distinctive to both the consuming public and

3  Plaintiff's trade.  The STUSSY Marks represent products that are desirable.  The

4  STUSSY marks are instantly recognized by a wide number of people and key

5  market segments throughout the United States.

6       34.    At all times relevant hereto, the STUSSY Marks have been continually

7  used by Plaintiff throughout the United States, including California, on or in

8  connection with the manufacture, distribution, sale and promotion of Plaintiff's

9  products.

10       35.    Plaintiff has scrupulously and successfully enforced and protected its

11  intellectual property rights against past infringement, including via its prior lawsuit

12  against Defendants.  Such intellectual property theft is proof of the value of

13  Plaintiff's intellectual property, including its STUSSY Marks.

14       36.    As a result of Plaintiff's widespread and continuous use, advertisement,

15  and promotion of its products in connection with the STUSSY Marks, the STUSSY

16  Marks have become widely known and recognized as identifying Plaintiff as the

17  source of numerous clothing and related goods and as distinguishing such goods

18  from those of others.  The STUSSY Marks have come to represent and symbolize

19  the excellent reputation of Plaintiff's products and Plaintiff's valuable goodwill

20  among members of the public in the United States, including without limitation,

21  California, and throughout the world.  Likewise, the STUSSY Marks are inherently

22  distinctive, and have acquired secondary meaning in the United States, including

23  without limitation, California, and throughout the world.

24       37.    The STUSSY Marks are more valuable than ordinary marks because

25  Plaintiff's business model is to create an exclusive brand with limited distribution.

26  As a result, there is much unmet demand for Plaintiff's products and for products

27  with Plaintiff's look.  As alleged below, Defendants have attempted to fill the

28  market's desire for Plaintiff's products by diverting customers to Defendants'

1  website containing infringing products.

2       38.    Infringements, and especially counterfeits, undercut all of Plaintiff's

3  brand preservation efforts in multiple ways.  For example, counterfeits undercut

4  Plaintiff's core marketing strategy to have and maintain limited distribution;

5  counterfeits are found in notoriously poor-image stores, undercutting Plaintiff's

6  calculated development of a reputation for quality and exclusivity; counterfeits

7  undercut the quality of the fabrics, designs, and other materials Plaintiff so

8  painstakingly chooses, as counterfeits are almost always of poor quality and

9  counterfeiters often use graphics that Plaintiff does not and would not use; and

10  counterfeiters undercut Plaintiff's pricing by selling products at a fraction of the cost

11  of a genuine product sold by Plaintiff.  All of these counterfeiting activities

12  undermine the exclusive image and reputation Plaintiff has been striving for decades

13  to cultivate.

14  **Defendants' Previous Wrongful Infringements Of The STUSSY Marks**

15       39.    Because of previous substantial infringements by SHEIN of the

16  STUSSY Marks, on June 9, 2022, Plaintiff necessarily filed a first lawsuit against

17  Defendants SDC, Zoetop, and Roadget (collectively, the "Settling Defendants")[1] in

18  the Central District of California, entitled *Stussy, Inc., v. Shein, et al.*,  Case No.

19  8:22-CV-00379 CJC (KESx) ("the First Lawsuit"), for the Settling Defendants'

20  infringements of the STUSSY Marks and their sales of counterfeit "Stussy"

21  products using fourteen (14) of Plaintiff's registered trademarks on approximately

22  thirty-five (35) different products.

23       40.    The Parties dismissed the First Lawsuit following a settlement.

24  However, less than three years after the dismissal of the First Lawsuit, Plaintiff

25  began to discover new and additional products being offered for sale or sold by

26  Defendants through the SHEIN Sites that not only infringed the <u>same 14 trademarks</u>

27  

28  [1]    Fashion Choice Pte. Ltd. was also a named defendant from the First Lawsuit, but is not a named Defendant in this instant action.

at issue in the First Lawsuit – a fact that Defendants were already keenly aware of –
but also infringed <u>ten (10) additional registered trademarks</u> owned by Plaintiff, as
well as the <u>copyright</u> for at least one of Plaintiff's original works.  Thus, whereas
there were approximately 35 infringing listings at issue in the First Lawsuit, now,
<u>hundreds more</u> have been found.

41.    Even after Plaintiff became aware of and notified Defendants of their
recent infringement and counterfeiting, Defendants nonetheless have continued to
sell and offer for sale infringing and counterfeit products.

42.    Plaintiff further alleges on information and belief that Defendants have
started selling new styles that appear to consumers to look like Stussy-made
defective products.  For example, Defendants started selling counterfeits that look as
if Plaintiff had made a misprint and that Plaintiff is nonetheless selling the misprints,
which "misprint" counterfeits present new types of damages being incurred to
Plaintiff and its reputation, as shown below.

| Plaintiff's Genuine Product | Defendants' Infringing Product |
| --- | --- |
|  |  |

43.    In light of all of Defendants' misconduct, as detailed further below,
including without limitation, Defendants' refusal to make full and transparent
disclosures as to the location, nature, and extent of the new infringements, Plaintiff
has been forced to file this instant second lawsuit.

**Defendants' Continuing Acts Of Trademark Infringement**

44. This second lawsuit arises from Defendants' ongoing manufacture, production, marketing, distribution, advertisement, offering for sale, and/or sale of products that bear marks identical to and/or substantially indistinguishable from one or more of the STUSSY Marks, five examples of which are shown below:

| Plaintiff's Famous, Registered Trademarks | Defendants' Counterfeit Products |
|---|---|
|  |  |
|  |  |
|  |  |

Rutan & Tucker, LLP
attorneys at law

2945/040035-0001
23104284.1 a12/10/25

COMPLAINT; DEMAND FOR JURY TRIAL

| Plaintiff's Famous, Registered Trademarks | Defendants' Counterfeit Products |
|---|---|
|  |  |
|  |  |

45.    Plaintiff alleges on information and belief that Defendants are engaged in the promotion, marketing and sale of clothing, hats, bags, and rug products through Defendants' highly interactive SHEIN Sites, which are accessible to consumers throughout the United States, including those within this Judicial District.  Plaintiff further alleges on information and belief that Defendants imported Accused Products into the Central District of California, and advertised, marketed, offered for sale, and/or sold the Accused Products in the Central District of California and throughout the United States.

46.    Plaintiff has not granted a license or any other form of permission to Defendants with respect to use of any of its trademarks, or other intellectual property.

47.     Plaintiff alleges on information and belief that Defendants have acted willfully and in bad faith, and that Defendants' wrongful acts have misled and confused the consumer public, and were intended to cause such confusion, and/or to cause mistake, and/or to deceive as to the affiliation, connection, or association of the Accused Products with genuine products offered by Plaintiff, and/or as to the origin, sponsorship, or approval of the Accused Products by Plaintiff.

48.     Plaintiff alleges on information and belief that Defendants knew the STUSSY Marks were famous at the time they created, marketed, offered for sale and sold the Accused Products, including due to the First Lawsuit, and that, as a direct and proximate result thereof, Defendants' wrongful conduct was and continues to be knowing, willful, intentional and malicious.

49.     Plaintiff alleges on information and belief that, whereas, a simple Google search online would have instantly revealed that genuine goods bearing the STUSSY Marks are available through authorized channels at certain price levels, even a rudimentary review of Defendants' own SHEIN Sites similarly would instantly reveal that Defendants' counterfeit "Stussy" products exist in large numbers on the SHEIN Sites and are sold for a fraction of the price of Stussy's genuine products.  For example, Defendants sold the following counterfeit "Stussy" t-shirt for $17.40:



However, a genuine Stussy t-shirt with this STUSSY Mark retails for $45.00.

50.     Plaintiff alleges on information and belief that Defendants' goods bearing the STUSSY Marks, or marks that are substantially indistinguishable, were counterfeit, and Defendants knew or reasonably should have known this.

1  Nonetheless, in the instant situation, Defendants have continued to list, market, offer

2  to sell, and sell counterfeit STUSSY products for many months, if not years, fully

3  aware of their illegal acts of counterfeiting.

4                    **Defendants' Acts Of Copyright Infringement**

5         51.    In addition to Plaintiff's ownership of the STUSSY Marks, Plaintiff

6  also owns certain copyrights, including without limitation, a registered U.S.

7  copyright for original two-dimensional artwork that is used for printing on garments

8  titled "Angel" (Registration No. VA 2-451-135) (hereinafter "the Stussy Design").

9         52.    The Stussy Design was a creation of Plaintiff and/or Plaintiff's design

10  team, and is, and at all relevant times has been, owned exclusively by Plaintiff.

11        53.    Prior to the acts complained of herein, Plaintiff displayed and sold on

12  its website products bearing the Stussy Design to the public.

13        54.    Following Plaintiff's distribution of products bearing the Stussy

14  Design, Plaintiff's subsequent investigation revealed that Defendants had

15  misappropriated the Stussy Design and were selling products bearing illegal

16  reproductions and/or derivations of the Stussy Design.

17        55.    Plaintiff alleges on information and belief that Defendants, without

18  Plaintiff's authorization, created, marketed, offered for sale, sold, manufactured,

19  caused to be manufactured, imported and/or distributed garments and/or products

20  incorporating artwork that is identical or substantially similar to the Stussy Design

21  ("Infringing Products").

22        56.    Below are non-inclusive comparisons of the Stussy Design and

23  exemplars of Defendants' Infringing Products as displayed on the SHEIN Sites:

24

25

26  //

27  //

28  //

| Stussy Design | Defendants' Infringing Uses |
|---|---|
|  |  |
| |  |

## Shein Is Not A "MarketPlace," Contrary To Its Claims

57.     According to public reporting, SHEIN made approximately $38 billion in revenue in 2024, reflecting a year-over-year growth of about 18–19% compared to the previous year.  See https://backlinko.com/shein-stats.

58.     Plaintiff alleges on information and belief that the SHEIN Sites do not operate like typical online marketplaces, and are not "marketplaces" at all.  When a shopper on the SHEIN Sites clicks on what appears to be an authentic "Stussy" product, a notice identifying an outside seller/supplier appears in text so small and easy to overlook that an ordinary consumer reasonably would assume that Defendants themselves are the merchants and sellers marketing, owning, holding and selling the products, with authority to transfer ownership.  Below is an example of a counterfeit "Stussy" product sold on a SHEIN Site:

1

2

3

4

5

6

7

8

9

10



11    59.    Plaintiff alleges on information and belief that Defendants maintain

12  total control of the sale of all products sold on the SHEIN Sites, offer to sell same,

13  and Defendants themselves are the actual sellers and actual infringers via the

14  Accused Products, with the third parties providing the Accused Products to

15  Defendants being no more than suppliers.  Indeed, the Accused Products shown on

16  the SHEIN Sites are purchased through Defendants' own checkout system, meaning

17  that Defendants are the sellers thereof, and the Accused Products are frequently

18  shipped directly from Defendants.  Moreover, when a purchaser is dissatisfied with

19  a counterfeit "Stussy" item obtained from Defendants' so-called "marketplace," the

20  customer is instructed to contact Defendants through their website or customer

21  service channels to initiate a return or refund, not the suppliers.  In such cases,

22  Defendants themselves review and approve refund requests and determine whether

23  reimbursement will be issued.

24    60.    Plaintiff alleges on information and belief that the third-party suppliers

25  are required to pay Defendants a 10% commission on each sale, regardless of the

26  product category.  If a supplier opts to use Defendants' "SHEIN Fulfillment Service

27  (SFS)," additional charges apply for warehousing, handling, and order fulfillment of

28  the supplier's products offered on the SHEIN Sites.  All customer payments for

1  items sold through the SHEIN Sites are processed exclusively through Defendants'
2  own marketplace services, rather than by the third-party suppliers themselves.
3  Defendants require "third-party sellers" to turn over banking account information
4  and control to Defendants, *i.e.*, Defendants can withdraw money from the third-
5  party suppliers' accounts and do chargebacks.  Defendants can impose transaction
6  limits on sales.  Defendants, in their "sole discretion," can withhold any payments to
7  a seller.  Defendants, in their "sole discretion," can remove and/or block any seller's
8  materials.  Defendants are, in every sense of the word and under applicable law, the
9  sellers of the products.

10      61.    Plaintiff alleges on information and belief that, when an order is placed,
11  a customer receives a confirmation from Defendants, from the email address
12  noreply@sheinnotice.com.  (*See* Exhibit "5" attached hereto and incorporated herein
13  by this reference.)  The order confirmation encourages the customer to track its
14  order in the SHEIN app.  *Id.*  The customer is told to log into his or her SHEIN
15  account for further product information.  The customer is told to direct all inquiries
16  and issues to SHEIN.  *Id.*  Nowhere in the order confirmation is there any
17  information concerning any third-party supplier or any indication that the product
18  was purchased from anyone other than Defendants.

19      62.    Plaintiff alleges on information and belief that, when an order is placed,
20  the transaction appears on a customer's credit or debit card statement with the
21  seller/merchant identified as "SHEINUSServices,LLC," *i.e.*,  referencing Defendant
22  Shein USS and showing that payment has been made thereto.

23      63.    Plaintiff alleges on information and belief that, when an order is
24  shipped, the customer receives a shipment confirmation from Defendants, from the
25  email address noreply@sheinnotice.com.  (*See* Exhibit "6" attached hereto and
26  incorporated herein by this reference.)  Just like the original order confirmation, the
27  shipping confirmation encourages the customer to track his order in the SHEIN app,
28  log into his SHEIN account for more information, and direct inquiries and issues to

1  SHEIN. *Id*. Nowhere in the shipping confirmation is there any information

2  concerning any third-party supplier or any indication that the product was purchased

3  or shipped from anyone other than Defendants.

4       64.    Plaintiff alleges on information and belief that, after an order is

5  delivered, the customer receives a delivery confirmation from Defendants from

6  "SHEIN Customer Service" from the email address noreply@sheinnotice.com. (*See*

7  Exhibit "7" attached hereto and incorporated herein by this reference.) Once again,

8  the delivery confirmation links to the SHEIN app to track the order and/or log into

9  the customer's account, and inquiries and issues are instructed to be directed to

10  SHEIN. Once again, nowhere in the delivery confirmation is there any information

11  concerning any third-party supplier or any indication that the product was purchased

12  or shipped from anyone other than Defendants.

13       65.    Plaintiff alleges on information and belief that, as set forth above, a

14  consumer is almost certainly to believe that Defendants are the sellers of those

15  products listed and offered for sale on the SHEIN Sites, including the Accused

16  Products. In all instances, Defendants used the STUSSY Marks, and are directly

17  liable under the Lanham Act and applicable state law.

18       66.    Nonetheless, to the extent any of the Defendants deny direct

19  infringement, Plaintiff alleges in the alternative that Defendants are vicariously

20  liable for infringement, including because they had the right and ability to supervise

21  the infringing conduct on SHEIN Sites and because they had a direct financial

22  interest in said infringing conduct, as alleged above.

23       **Defendants' Pattern of Willful Infringement**

24       67.    Plaintiff alleges on information and belief that Defendants'

25  infringement of Stussy products is no accident, and, rather, that trademark and

26  artwork pirating is part of Defendants' business model. Plaintiff further alleges on

27  information and belief that Defendants' knowing disregard for the intellectual

28  property rights of others goes well beyond its repeated trespasses against Plaintiff,

Rutan & Tucker, LLP
*attorneys at law*

1  and that SHEIN is an infamous, predatory company that has a history of, and

2  reputation for, knocking off products of famous designers and brands and stealing

3  the intellectual property of others, not just from small business and new fashion

4  designers, but from established global brands as well.

5       68.    Plaintiff alleges on information and belief that, according to media

6  reports, the hashtag #sheinstolemydesign on TikTok had over 10 million views as of

7  late 2023.  A small sampling of the social media posts that exist evidencing

8  Defendants' brazen and wide-spread illegal conduct are shown below:



Rutan & Tucker, LLP
attorneys at law

2945/040035-0001
23104284.1 a12/10/25

COMPLAINT; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Rutan & Tucker, LLP
attorneys at law

2945/040035-0001
23104284.1 a12/10/25

COMPLAINT; DEMAND FOR JURY TRIAL

69.    As a result of this pattern of wrongful conduct, Defendants have been sued numerous times for infringing the intellectual property rights of famous brands, artists, and designers, particularly American brands.  To list only a few, Defendants have been sued for infringing the following brands:

a.    COACH:  *Tapestry, Inc. et al. v. Zoetop Business Co., Ltd. et al*, Case 2:25-cv-02224-JLS-E, Central District of California, filed March 13, 2025;

b.    CHROME HEARTS:  *Chrome Hearts, LLC v. Zoetop Business Co., Ltd. et al.,* Case 2:23-cv-07006-CAS-KS, Central District of California, filed August 24, 2023;

c.    TEVA footwear:  *Decker Outdoor Corp. v. Zoetop Business Co., Ltd. et al*., Case 2:23-cv-09850-MCS-MAA, Central District of California, filed November 20, 2023;

d.    DOPESKILL:  *Dope Ecommerce LLC v. Zoetop Business Co. Ltd. et al.*, Case 2:25-cv-08750-SRM-RAO, Central District of California, filed September 15, 2025;

e.    UGG footwear:  *Decker Outdoor Corp. v. Zoetop Business Co., Ltd. et al*., Case 2:20-cv-08635-JWH-AFM, Central District of California, filed September 21, 2020;

f.    RALPH LAUREN:  *PRL USA Holdings, Inc. v. Zoetop Business Co. Limited*, Case No.: 2:21-cv-02424-JAK-E, Central District of California, filed March 18, 2021;

g.    LEVI'S Arcuate Stitching Design Trademark:  *Levi Strauss & Co. v. Shein Group Limited and Shein Fashion Group, Inc.,* Case No. 5:18-cv-05247, Northern District of California, filed August 28, 2018;

h.    DR. MARTENS copyrighted shoes designs:  *AirWair International Ltd. v. Zoetop Business Co., Limited d/b/a SHEIN and ROMWE*, Case No. 3:20-cv-07696-SI, Northern District of California, filed November 2, 2020; and

i.    BRANDY MELVILLE:  *Bastiat USA, Inc. v. Shein Distribution*

1 | *Corp. et al*, Case 2:25-cv-05701-ODW-JPR, Central District of California, filed

2 | June 23, 2025.

3 |     70.    Upon information, Plaintiff alleges that Defendants have violated the

4 | rights of many more persons, both in the United States and internationally (many of

5 | which took no action, or did not sue) which shows Defendants' intentional theft of

6 | the intellectual property of others.

7 |     71.    Plaintiff alleges on information and belief that, consistently over many

8 | years, Defendants have demonstrated a pattern and practice of brazenly selling

9 | counterfeits and continuing to do so even after getting caught, and Defendants have

10 | created a business plan which promotes a deliberate, knowing, and calculated

11 | decision to infringe intellectual property first to make a quick buck (*i.e.*, millions of

12 | dollars), and ask questions later.

13 |     72.    Plaintiff alleges on information and belief that SHEIN is the only

14 | company of its size to have either little or no procedures in place to prevent the

15 | creation, listing, offering for sale, sale, and distribution of infringing products and

16 | counterfeits.

17 |     73.    Plaintiff has made multiple demands on Defendants to cease and desist

18 | from their infringements and wrongful acts, however, notwithstanding such

19 | demands, Defendants have failed and refused, and continue to fail and refuse, to do

20 | so. In response to some of these demands, Defendants merely changed the SKU

21 | (Stock Keeping Unit) under which Defendants sold the Accused Product, without

22 | making any actual changes to the Accused Product itself.

23 | **Defendants' Infringement Has Damaged Plaintiff**

24 |     74.    Defendants' wrongful conduct is causing immediate and continuing

25 | damages to Plaintiff, as well as irreparable harm and injury to Plaintiff's goodwill

26 | and reputation, and will continue to both damage Plaintiff and confuse and harm the

27 | public unless enjoined. Defendants' marketing, offering for sale, sales and

28 | distributions of the Accused Products have caused, and continue to cause, a loss of

1  sales of Plaintiff's genuine products and will, unless enjoined, result in the loss of

2  future sales to customers, thereby causing substantial loss of profits to Plaintiff

3  along with other financial damages.  Such wrongful acts by Defendants have

4  resulted in sales by Defendants of its own Accused Products, and receipt of illegal

5  profits therefrom which have unjustly enriched Defendants.  An injunction is needed

6  because even after multiple notices and lawsuits, Defendants continue to sell

7  infringements.  Plaintiff has no adequate remedy at law.

8       75.     The enjoining of Defendants is necessary so that Plaintiff may protect

9  all of its rights, reputation and interests in the STUSSY Marks and the Stussy

10  Design.  Unless restrained by this Court, Defendants' acts have caused or are likely

11  to cause Plaintiff to suffer great and irreparable damage and injury through, *inter*

12  *alia*, (a) a likelihood of confusion, mistake and deception among the consumer

13  public, (b) falsely suggesting an affiliation between Plaintiff and Defendants, despite

14  the absence of such affiliation; and (c) the loss of Plaintiff's valuable goodwill and

15  business reputation symbolized by the STUSSY Marks.

16       76.     Plaintiff alleges on information and belief that, unless Defendants are,

17  *inter alia*, enjoined forthwith from using, selling, offering for sale, distributing

18  and/or advertising in commerce reproductions, counterfeits, copies and/or colorable

19  imitations of the STUSSY Marks in connection with Defendants' use, sale, offering

20  for sale, distribution and/or advertising of goods bearing the STUSSY Marks, or

21  which are substantially indistinguishable therefrom, such acts will cause irreparable

22  injury and damages to Plaintiff and, particularly because the STUSSY Marks are

23  unique, the amount of harm will be extremely difficult and impracticable to

24  ascertain and fix, and Plaintiff will have no adequate remedy at law.

25       77.     In light of the foregoing, Plaintiff is entitled to a temporary restraining

26  order, a preliminary injunction and/or a permanent injunction, all enjoining

27  Defendants, and each of them, as well as their representatives, and all other persons

28  or entities acting under or in concert or participating with them, from engaging in

1  any of the acts to be enjoined as referenced hereinabove.

2      78.    In addition to injunctive relief, Plaintiff is entitled to, *inter alia*, an

3  award of actual damages, disgorgement of Defendants' profits, the trebling of such

4  damages and profits in accordance with 15 U.S.C. § 1117, reasonable attorneys' fees

5  and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C.

6  §§ 1116 and 1117, together with prejudgment interest.

7      79.    Plaintiff is entitled at an appropriate time to elect as an alternative

8  measure of damages the remedy of statutory damages under 15 U.S.C. § 1117.

9  Because Defendants' counterfeiting was willful as set forth herein, the amount

10 awarded should be the statutory maximum per counterfeit mark per type of goods

11 sold, offered for sale, or distributed, as the Court considers just.

12     80.    Plaintiff is also entitled to injunctive relief, actual damages,

13 Defendants' profits, and attorneys' fees and costs under the Copyright Act.  As an

14 alternative to actual damages and profits, Plaintiff is entitled to seek statutory

15 damages pursuant to 15 U.S.C. § 504(c), including increased statutory damages for

16 Defendants' willful infringement.

17     81.    Plaintiff filed this lawsuit within four years of when Plaintiff knew, or

18 reasonably should have known, of the trademark infringements and counterfeiting

19 alleged in this lawsuit, and within three years of accrual of the claim form copyright

20 infringement alleged herein.

21     82.    Plaintiff alleges on information and belief that, as a direct and

22 proximate result of Defendants' infringements and wrongful acts as set forth above,

23 Plaintiff has been required to retain legal counsel to pursue its legal rights against

24 Defendants, including without limitation, bringing and prosecuting the within

25 action, and Plaintiff has incurred, and will continue to incur, attorneys' fees and

26 legal costs as a result thereof.

27

28

## **FIRST CLAIM FOR RELIEF**

### **(Against All Defendants for Federal Trademark Infringement and Counterfeiting [15 U.S.C. § 1114])**

83.    Plaintiff realleges and incorporates herein by this reference each and every allegation contained in all of the preceding paragraphs as though fully set forth herein.

84.    As detailed above, Plaintiff is the exclusive owner of each of the federally-registered STUSSY Marks, which are each valid and enforceable by Plaintiff.

85.    Plaintiff alleges on information and belief that Defendants used, sold, offered for sale, distributed and/or advertised in commerce, and continue to do so, reproductions, counterfeits, copies and/or colorable imitations of the federally registered STUSSY Marks, and that Defendants' goods bearing such reproductions, counterfeits, copies and/or colorable imitations of the federally registered STUSSY Marks are identical to, or substantially indistinguishable from, genuine and authorized goods bearing the federally registered STUSSY Marks.  Defendants' conduct constitutes trademark infringement and counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

86.    Defendants' use, sale, offering for sale, distribution and advertisement in commerce of such reproductions, counterfeits, copies and/or colorable imitations of the federally registered STUSSY Marks has been subsequent to Plaintiff's first use, respectively, of each of its federally registered STUSSY Marks.

87.    Defendants' unauthorized use in commerce of goods bearing reproductions, counterfeits, copies and/or colorable imitations of the federally registered STUSSY Marks which are identical to, or substantially indistinguishable from, the registered STUSSY Marks is likely to deceive consumers and cause confusion as to the origin, source, sponsorship, or affiliation of the Accused Products, and is likely to cause consumers to believe, contrary to fact, that

Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.  Because Defendants' unauthorized use in commerce of the federally registered STUSSY Marks, and/or marks that are substantially indistinguishable therefrom, constitutes counterfeiting, the likelihood of customer confusion is presumed.

88.    Although investigation is continuing, a sampling of Defendants' Accused Products which have been identified to date is attached as Exhibit "8" hereto and is incorporated herein by this reference.

89.    Plaintiff alleges on information and belief that Defendants have committed the foregoing acts of trademark infringement and counterfeiting with full, actual, and constructive knowledge of Plaintiff's ownership and prior rights in the federally registered STUSSY Marks, Plaintiff's registrations thereof, and Plaintiff's extensive and continuous use of the STUSSY Marks, all with the intentional purpose of causing confusion and diverting customers to purchase counterfeit products from Defendants.

90.    Plaintiff alleges on information and belief that the following facts, among others, establish that Defendants' trademark infringements and counterfeiting were knowing, intentional and malicious, and/or that Defendants willfully blinded themselves to such trademark infringements and counterfeiting:

a.    Defendants knew that the STUSSY Marks are owned by Plaintiff and that Defendants are not authorized sellers of goods bearing the STUSSY Marks, including because of the First Lawsuit;

b.    Even after the known infringements that were the subject of the First Lawsuit, Defendants deliberately failed to put in place standard effective procedures and monitoring to investigate and determine whether goods listed on the SHEIN Sites were counterfeits or infringements, and which would have identified and prevented further infringements;

c.    Defendants attempted to conceal their continuing infringements

1  by not including the word "Stussy" in the metadata in their online listings for the

2  Accused Products on the SHEIN Sites, the result being that, when Plaintiff and its

3  investigators (and anyone else) would search for possible infringements and

4  counterfeits of the STUSSY Marks on the internet, the listings for the Accused

5  Products would not immediately turn up, thereby helping to facilitate Defendants'

6  concealment of their trademark infringements and counterfeiting;

7          d.      Defendants are aware that the quality of the Accused Products is

8  far below the quality of genuine Stussy products, as reflected by the fact that the

9  Accused Products have been sold by Defendants for approximately 1/6 of the price

10  of equivalent genuine Stussy products;

11          e.      Even after being put on notice by Plaintiff of continuing

12  infringements of the STUSSY Marks, Defendants failed to fully investigate the

13  trademark infringements and counterfeiting, as even cursory searches of the internet

14  searches would have revealed the existence of the Accused Products listed on the

15  SHEIN Sites;

16          f.      The subject trademark infringements and counterfeiting are not

17  isolated incidents or  mistakes by Defendants where only one or two counterfeit

18  types of goods were created and sold, but, rather, as of the filing of this lawsuit,

19  Plaintiff is aware of approximately twenty-two different unique counterfeit styles

20  (per mark, per type of good) produced by Defendants that match the authentic goods

21  listed in Plaintiff's federal trademark registrations, along with approximately five

22  different unique counterfeit styles (per mark, per type of good) produced by

23  Defendants that match the authentic goods listed in Plaintiff's California trademark

24  registrations; and

25          g.      To date, Defendants are still actively and knowingly selling

26  counterfeit products that infringe on the STUSSY Marks.

27      91.    Plaintiff alleges on information and belief that Defendants' wrongful

28  conduct is causing immediate and continuing damages to Plaintiff, as well as

1  irreparable harm and injury to Plaintiff's goodwill and reputation, and will continue

2  to both damage Plaintiff and confuse the public unless enjoined.  Defendants' sales,

3  offerings for sale, distributions and advertisements of the Accused Products have

4  caused, and continue to cause, a loss of sales of Plaintiff's genuine products and will

5  result in the loss of future sales to customers, unless enjoined, thereby causing

6  substantial loss of profits to Plaintiff along with other financial damages.  Such

7  wrongful acts by Defendants have resulted in sales by Defendants of its Accused

8  Products, and illegal profits which have unjustly enriched Defendants.  Plaintiff has

9  no adequate remedy at law.

10      92.    As set forth above, Plaintiff is entitled to injunctive relief, which is

11  necessary so that Plaintiff may protect all of its rights, reputation and interests in the

12  federally registered STUSSY Marks.  In addition thereto, and as a direct and

13  proximate result of Defendants' trademark infringements and counterfeiting,

14  Plaintiff is also entitled to, *inter alia*,  an award of actual damages and disgorgement

15  of Defendants' profits, the precise sum of which is presently unknown, but which

16  will be determined in accordance with proof at trial, the trebling of such damages

17  and profits  in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117,

18  reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the

19  Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment interest.

20      93.    Plaintiff is entitled at an appropriate time to elect as an alternative

21  measure of damages the remedy of statutory damages under 15 U.S.C. Section 1117.

22      94.    Because Defendants' counterfeiting was willful as set forth herein, the

23  amount awarded should be the statutory maximum per counterfeit mark per type of

24  goods sold, offered for sale, or distributed, as the Court considers just.

25      95.    Maximum statutory damages should be awarded because of the fact

26  that Defendants' trademark infringements and counterfeiting were knowing,

27  intentional and malicious, and/or that Defendants willfully blinded themselves to

28  such trademark infringements and counterfeiting.  In addition thereto, maximum

1   statutory damages should also be awarded against Defendants in order to act as a

2   deterrent for future willful misconduct.  Not only are Defendants repeat violators of

3   intellectual property laws, including without limitation, with respect to Plaintiff's

4   intellectual property rights, but Defendants do not act responsibly when caught

5   counterfeiting, and appear to be operating with a business model where it is more

6   profitable and cost effective to infringe first and ask questions later. A company of

7   SHEIN's size, equivalent to Amazon, needs the maximum amount of statutory

8   damages awarded against it to deter future illegal conduct.

9       96.    Plaintiff therefore seeks the maximum amount of statutory damages

10  allowed under the law, but in no event less than two million dollars ($2,000,000) per

11  trademark, per type of counterfeit good.

12      97.    Plaintiff is also entitled to an award of its attorneys' fees because this

13  case qualifies as exceptional under 15 U.S.C. § 1117(a) in that Defendants' conduct

14  is and was willful, knowing, intentional, fraudulent and malicious.

15  ## SECOND CLAIM FOR RELIEF

16  **(Against All Defendants for Federal Unfair Competition**

17  **[15 U.S.C. § 1125(a)])**

18      98.    Plaintiff realleges and incorporates herein by this reference each and

19  every allegation contained in all of the preceding paragraphs as though fully set

20  forth herein.

21      99.    Plaintiff alleges on information and belief that Defendants'

22  unauthorized use in commerce of spurious designations that are identical to or

23  substantially indistinguishable from the STUSSY Marks as alleged above is likely to

24  deceive consumers as to the origin, source, sponsorship and/or affiliation of

25  Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that

26  Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that

27  Defendants are in some way affiliated with or sponsored by Plaintiff, which they are

28  not.

100.   Defendants' unauthorized use in commerce of spurious designations that are identical to or substantially indistinguishable from the STUSSY Marks as alleged above constitutes use of a false designation of origin and misleading description and representation of fact, and is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

101.   As set forth above, Defendants have made, and will continue to make unless enjoined, false representations and designations of origin in commerce regarding Defendants' goods.

102.   Plaintiff alleges on information and belief that such wrongful conduct by Defendants is willful, knowing, false and intentionally misleading, and is likely and intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods by Plaintiff, and/or misrepresents in advertising or promotion the nature, characteristics, qualities and/or geographic origin of Defendants' goods.

103.   As set forth above, Defendants' misconduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the consumer public unless enjoined.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief, which is necessary so that Plaintiff may protect all of its rights, reputation and interests in the STUSSY Marks.

104.   In addition thereto, and as a direct and proximate result of Defendants' trademark infringements and counterfeiting, Plaintiff is also entitled to, *inter alia*, an award of actual damages and disgorgement of Defendants' profits, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, the trebling of such damages and profits in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117,

1 | together with prejudgment interest.

## THIRD CLAIM FOR RELIEF

### (Against All Defendants for Federal Trademark Dilution

### [15 U.S.C. § 1125(c)])

105.   Plaintiff realleges and incorporates herein by this reference each and every allegation contained in all of the preceding paragraphs as though fully set forth herein.

106.   The STUSSY Marks are distinctive and "famous" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

107.   The STUSSY Marks became distinctive and famous prior to Defendants' wrongful acts as alleged herein.

108.   Defendants' wrongful acts alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of the famous STUSSY Marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

109.   Defendants' wrongful acts alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish the STUSSY Marks by undermining and damaging the valuable goodwill associated therewith within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

110.   Defendants' wrongful acts alleged herein are intentional, willful and in bad faith in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and are causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the consumer public unless enjoined.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief, which is necessary so that Plaintiff may protect all of its rights, reputation and interests in the STUSSY Marks.

111.   In addition thereto, and as a direct and proximate result of Defendants' trademark dilutions and tarnishments, Plaintiff is also entitled to, *inter alia*, an

1  award of actual damages and disgorgement of Defendants' profits, the precise sum

2  of which is presently unknown, but which will be determined in accordance with

3  proof at trial, the trebling of such damages and profits in accordance with Section 35

4  of the Lanham Act, 15 U.S.C. § 1117, reasonable attorneys' fees, and costs of the

5  action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117,

6  together with prejudgment interest.

### **FOURTH CLAIM FOR RELIEF**

**(Against All Defendants for California Trademark Infringement and**

**Counterfeiting [Cal. Bus. & Prof. Code §§ 14245, 14250])**

10  112.  Plaintiff realleges and incorporates herein by this reference each and

11  every allegation contained in all of the preceding paragraphs as though fully set

12  forth herein.

13  113.  As detailed above, Plaintiff is the exclusive owner of valid and

14  enforceable trademarks registered with the State of California, *i.e.*, the California

15  Registered STUSSY Marks.

16  114.  Plaintiff alleges on information and belief that, as also detailed above,

17  Defendants have used, without the consent of Plaintiff, reproductions, counterfeits,

18  copies and/or colorable imitations of the California Registered STUSSY Marks in

19  connection with the sale, distribution, offering for sale, or advertising of goods, the

20  use of which is likely to cause confusion or mistake, or to deceive as to the source of

21  origin of the goods.

22  115.  Plaintiff alleges on information and belief that, as further detailed

23  above, Defendants have reproduced, counterfeited, copied and/or colorably imitated

24  Plaintiff's California Registered STUSSY Marks and applied such reproductions,

25  counterfeits, copies and/or colorable imitations to goods, labels, signs, prints,

26  packages, wrappers, receptacles and/or advertisements intended to be used upon or

27  in connection with the sale or other distribution in California of goods.  Plaintiff

28  further alleges on information and belief that these wrongful acts by Defendants

have been committed with knowledge that the counterfeit marks are intended to be used to cause confusion or mistake, or to deceive.

116.    Plaintiff alleges on information and belief that, as also detailed above, Defendants have knowingly facilitated, enabled, and/or otherwise assisted in the manufacture, use, distribution, display, or sale of goods bearing reproductions, counterfeits, copies and/or colorable imitations of the California Registered STUSSY Marks, without the consent of Plaintiff.

117.    Defendants' wrongful acts alleged herein are intentional, willful and in bad faith in violation of California Bus. & Prof. Code § 14245, and are causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the consumer public unless enjoined.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief, which is necessary so that Plaintiff may protect all of its rights, reputation and interests in the California Registered STUSSY Marks.

118.    In addition thereto, and as a direct and proximate result of Defendants' trademark infringements, Plaintiff is also entitled to, *inter alia*, an award of actual damages and disgorgement of Defendants' profits, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, the trebling of such damages and profits in accordance with California Bus. & Prof. Code § 14250(a), the destruction and seizure of goods, reasonable attorneys' fees, and costs of the action, together with prejudgment interest.

## FIFTH CLAIM FOR RELIEF

### (Against All Defendants for California Common Law Trademark Infringement)

119.    Plaintiff realleges and incorporates herein by this reference each and every allegation contained in all of the preceding paragraphs as though fully set forth herein.

120.    As detailed above, Stussy is the exclusive owner of the STUSSY

1  Marks.

2      121.   Plaintiff alleges on information and belief that, as also detailed above,

3  Defendants have used, without the consent of Plaintiff, reproductions, counterfeits,

4  copies and/or colorable imitations of the STUSSY Marks in connection with the

5  sale, distribution, offering for sale, or advertising of goods, the use of which is likely

6  to cause confusion or mistake, or to deceive as to the source of origin of the goods.

7      122.   Defendants' wrongful acts alleged herein are intentional, willful and in

8  bad faith, and are causing immediate and irreparable harm and injury to Plaintiff,

9  and to its goodwill and reputation, and will continue to both damage Plaintiff and

10  confuse the consumer public unless enjoined.  Plaintiff has no adequate remedy at

11  law.  Plaintiff is entitled to injunctive relief, which is necessary so that Plaintiff may

12  protect all of its rights, reputation and interests in the STUSSY Marks.

13      123.   In addition thereto, and as a direct and proximate result of Defendants'

14  trademark infringements, Plaintiff is also entitled to, *inter alia*, an award of actual

15  damages and disgorgement of Defendants' profits, the precise sum of which is

16  presently unknown, but which will be determined in accordance with proof at trial,

17  the destruction and seizure of goods, reasonable attorneys' fees, and costs of the

18  action, together with prejudgment interest.

19      124.   Plaintiff further alleges on information and belief that, in engaging in

20  the trademark infringements set forth above, Defendants have acted in bad faith, and

21  in a reckless, knowing, willful, malicious, oppressive and fraudulent manner, and

22  with the intent and purpose of advancing their own gain at the expense of Plaintiff's

23  rights, reputation and interests.  By reason of the foregoing, Plaintiff is entitled to

24  punitive and exemplary damages on common law claims against Defendants, in an

25  amount to be proven at trial.

26

27

28

## SIXTH CLAIM FOR RELIEF

### (Against All Defendants for California Statutory Dilution

### [Cal. Bus. & Prof. Code § 14247])

125.    Plaintiff realleges and incorporates herein by this reference each and every allegation contained in all of the preceding paragraphs as though fully set forth herein.

126.    As detailed above, Stussy is the exclusive owner of the California Registered STUSSY Marks, which are famous and distinctive within the meaning of Cal. Bus. & Prof. Code § 14247.

127.    The California Registered STUSSY Marks became famous and distinctive prior to Defendants' wrongful acts as alleged herein.

128.    Defendants' wrongful acts alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of the famous California Registered STUSSY Marks within the meaning of Cal. Bus. & Prof. Code § 14247.

129.    Defendants' wrongful acts alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish the California Registered STUSSY Marks by undermining and damaging the valuable goodwill associated therewith within the meaning of Cal. Bus. & Prof. Code § 14247.

130.    Defendants' actions are intentional, willful and in bad faith in violation of Cal. Bus. & Prof. Code § 14247, and are causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the consumer public unless enjoined.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief, which is necessary so that Plaintiff may protect all of its rights, reputation and interests in the California Registered STUSSY Marks.

131.    In addition thereto, and as a direct and proximate result of Defendants' trademark dilutions and tarnishments, Plaintiff is also entitled to, *inter alia*, an

1  award of actual damages and disgorgement of Defendants' profits, the precise sum

2  of which is presently unknown, but which will be determined in accordance with

3  proof at trial, the trebling of such damages and profits in accordance with California

4  Bus. & Prof. Code § 14250(a), the destruction and seizure of goods, reasonable

5  attorneys' fees, and costs of the action, together with prejudgment interest.

6  **SEVENTH CLAIM FOR RELIEF**

7  **(Against All Defendants for California Common Law Trademark Dilution)**

8      132.   Plaintiff realleges and incorporates herein by this reference each and

9  every allegation contained in all of the preceding paragraphs as though fully set

10  forth herein.

11      133.   As detailed above, Stussy is the exclusive owner of the STUSSY

12  Marks, which are famous and distinctive, including in California.

13      134.   The STUSSY Marks became famous and distinctive prior to

14  Defendants' wrongful acts as alleged herein.

15      135.   Defendants' wrongful acts alleged herein have diluted and will, unless

16  enjoined, continue to dilute and are likely to dilute the distinctive quality of the

17  famous STUSSY Marks under the common law.

18      136.   Defendants' wrongful acts alleged herein have tarnished and will,

19  unless enjoined, continue to tarnish, and are likely to tarnish the STUSSY Marks by

20  undermining and damaging the valuable goodwill associated therewith.

21      137.   Defendants' wrongful acts alleged herein are intentional, willful and in

22  bad faith, and are causing immediate and irreparable harm and injury to Plaintiff,

23  and to its goodwill and reputation, and will continue to both damage Plaintiff and

24  confuse the consumer public unless enjoined.  Plaintiff has no adequate remedy at

25  law.  Plaintiff is entitled to injunctive relief, which is necessary so that Plaintiff may

26  protect all of its rights, reputation and interests in the STUSSY Marks.

27      138.   In addition thereto, and as a direct and proximate result of Defendants'

28  trademark dilutions and tarnishments, Plaintiff is also entitled to, *inter alia*, an

award of actual damages and disgorgement of Defendants' profits, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, the destruction and seizure of goods, reasonable attorneys' fees, and costs of the action, together with prejudgment interest.

139.   Plaintiff further alleges on information and belief that, in engaging in the trademark dilution set forth above, Defendants have acted in bad faith, and in a reckless, knowing, willful, malicious, oppressive and fraudulent manner, and with the intent and purpose of advancing their own gain at the expense of Plaintiff's rights, reputation and interests.  By reason of the foregoing, Plaintiff is entitled to punitive and exemplary damages on common law claims against Defendants, in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### (Against All Defendants for California Unfair Competition and Unfair Business Practices [Cal. Bus. & Prof. Code § 17200*, et. seq.*])

140.   Plaintiff realleges and incorporates herein by this reference each and every allegation contained in all of the preceding paragraphs as though fully set forth herein.

141.   Plaintiff alleges on information and belief that the wrongful acts of Defendants as alleged above, including without limitation, the violations of the Lanham Act, each constitute unfair competition and unfair business practices within the meaning of Cal. Bus. & Pro. Code § 17200, *et seq.*

142.   Plaintiff alleges on information and belief that each of such wrongful acts is likely to deceive and/or confuse third persons and the consumer public and, in fact, has done so, including without limitation, that Defendants' wrongful acts have impaired Plaintiff's valuable goodwill and have otherwise adversely affected Plaintiff's business and reputation as detailed above.

143.   Defendants' wrongful acts alleged herein are intentional, willful and in bad faith, and are causing immediate and irreparable harm and injury to Plaintiff,

1  and to its goodwill and reputation, and will continue to both damage Plaintiff and

2  confuse the consumer public unless enjoined.  Plaintiff has no adequate remedy at

3  law.  Plaintiff is entitled to injunctive relief, which is necessary so that Plaintiff may

4  protect all of its rights, reputation and interests in the STUSSY Marks.

5      144.  In addition thereto, and as a direct and proximate result of Defendants'

6  unfair competition and unfair business practices, Plaintiff is also entitled to, *inter*

7  *alia*, the disgorgement of Defendants' profits, the precise sum of which is presently

8  unknown, but which will be determined in accordance with proof at trial, and costs

9  of the action, together with prejudgment interest.

10                    **NINTH CLAIM FOR RELIEF**

11        **(Against All Defendants for Vicarious Trademark Infringement)**

12      145.  Plaintiff realleges and incorporates herein by this reference each and

13  every allegation contained in all of the preceding paragraphs as though fully set

14  forth herein.

15      146.  As set forth above, Plaintiff alleges that Defendants maintain total

16  control of the sale of all products sold on the SHEIN Sites, and Defendants

17  themselves are the actual sellers of the Accused Products and users of the STUSSY

18  Marks.  Nonetheless, to the extent any of the Defendants maintain that they have

19  merely sold products as typical online marketplaces, Plaintiff alleges this claim for

20  relief for vicarious trademark infringement in the alternative to its claims for relief

21  for direct infringement and counterfeiting.

22      147.  Plaintiff alleges on information and belief that, at all times relevant

23  hereto, any third-party suppliers of the Accused Products (the "Third-Party

24  Suppliers") were the agent of Defendants, and were at all times acting within the

25  course and scope of such agency, and with the knowledge and approval of each of

26  Defendants, with respect to the Accused Products, particularly inasmuch as

27  Defendants have the authority to direct and bind the Third-Party Suppliers with

28  respect to sales, offering for sales, distributions and advertising of the Accused

1  Products via the SHEIN Sites, and with Defendants asserting and maintaining

2  control over transactions involving the Accused Products and the SHEIN Sites.

3  148.   As such, Plaintiff alleges on information and belief that Defendants'

4  infringing conduct in selling, offering for sale, distributing and advertising the

5  Accused Products on the SHEIN Sites is within the scope of agent/principal actual

6  authority and/or is ratified by Defendants.

7  149.   Plaintiff alleges on information and belief that, notwithstanding

8  Defendants' duty and right to control the SHEIN Sites and the acts of the Third-

9  Party Suppliers as their agent(s) in connection with the SHEIN Sites and the

10 Accused Products, Defendants have failed to take any reasonable steps to stop or

11 otherwise prevent the trademark infringements and counterfeiting of the STUSSY

12 Marks as set forth above, including without limitation, permanently disconnecting

13 links directing Defendants' users to the SHEIN Sites advertising the Accused

14 Products.

15 150.   Plaintiff alleges on information and belief that Defendants are therefore

16 vicariously liable for the damages caused to Plaintiff as a result of the Third-Party

17 Suppliers' illegal sales, offerings for sale, distributions and/or advertising of

18 Accused Products on the SHEIN Sites.

19 151.   Plaintiff alleges on information and belief that Defendants' and the

20 Third-Party Suppliers' wrongful conduct is causing immediate and continuing

21 damages to Plaintiff, as well as irreparable harm and injury to Plaintiff's goodwill

22 and reputation, and will continue to both damage Plaintiff and confuse the public

23 unless enjoined.  Defendants' and the Third-Party Suppliers' sales, offerings for

24 sale, distributions and advertisements of the Accused Products have caused, and

25 continue to cause, a loss of sales of Plaintiff's genuine products and will result in the

26 loss of future sales to customers, unless enjoined, thereby causing substantial loss of

27 profits to Plaintiff along with other financial damages.  Such wrongful acts by

28 Defendants and the Third-Party Suppliers have resulted in sales by Defendants and

the Third-Party Suppliers of the Accused Products, and illegal profits which have unjustly enriched Defendants and the Third-Party Suppliers. Plaintiff has no adequate remedy at law.

152. As set forth above, Plaintiff is entitled to injunctive relief, which is necessary so that Plaintiff may protect all of its rights, reputation and interests in the STUSSY Marks. In addition thereto, and as a direct and proximate result of Defendants' and the Third-Party Suppliers' trademark infringements and counterfeiting, Plaintiff is also entitled to, *inter alia*, an award of actual damages and disgorgement of Defendants' and the Third-Party Suppliers' profits, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, the trebling of such damages and profits in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment interest.

153. Plaintiff is also entitled at an appropriate time to elect as an alternative measure of damages the remedy of statutory damages under 15 U.S.C. § 1117. Because Defendants' and the Third-Party Suppliers' counterfeiting was willful as set forth herein, the amount awarded should be the statutory maximum per counterfeit mark per type of goods sold, offered for sale, or distributed, as the Court considers just.

## **TENTH CLAIM FOR RELIEF**

### **(Against All Defendants for Copyright Infringement [17 U.S.C. § 501, *et seq*.])**

154. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in all of the preceding paragraphs as though fully set forth herein.

155. Plaintiff owns the Stussy Design, which is the subject of U.S. Copyright Registration no. VA 2-451-135, entitled "Angel."

156.   Plaintiff alleges on information and belief that Defendants had access to the Stussy Design, including without limitation: (a) through viewing Stussy's website, as well as Stussy's online profiles, publications, and features; (b) through access to illegally distributed copies of the Stussy Design by third-party vendors; and (c) through Stussy goods manufactured and sold to the public which were lawfully printed with the Stussy Design by Plaintiff for its customers.

157.   Plaintiff alleges on information and belief that, without any authorization, Defendants copied the Stussy Design and sold, offered for sale, distributed and/or advertised on the SHEIN Sites Infringing Products bearing the Stussy Design, or which are substantially similar to the Stussy Design, thereby infringing Plaintiff's copyright of the Stussy Design.

158.   Plaintiff alleges on information and belief that Defendants infringed Stussy's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Stussy Design in the form of the Infringing Products, and/or by producing, distributing and/or selling the Infringing Products through the SHEIN Sites.

159.   Plaintiff alleges on information and belief that Defendants' copyright infringements are causing immediate and continuing damages to Plaintiff, as well as irreparable harm and injury to Plaintiff.  Defendants' sales, offerings for sale, distributions and advertisements of the Infringing Products have caused, and continue to cause, a loss of sales of Plaintiff's genuine products and will result in the loss of future sales to customers, unless enjoined, thereby causing substantial loss of profits to Plaintiff along with other financial damages.  Such wrongful acts by Defendants have resulted in sales by Defendants of the Infringing Products, and illegal profits which have unjustly enriched Defendants.  Plaintiff has no adequate remedy at law.

160.   As set forth above, Plaintiff is entitled to injunctive relief, which is necessary so that Plaintiff may protect all of its rights, reputation and interests in the

Stussy Design.  In addition thereto, and as a direct and proximate result of Defendants' copyright infringements, Plaintiff is also entitled to, *inter alia*, an award of actual damages and disgorgement of Defendants' profits, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, the enhancement of such damages and profits in accordance with 17 U.S.C. § 504, reasonable attorneys' fees and costs of the action under 17 U.S.C. § 505, together with prejudgment interest.  As an alternative to actual damages and Defendants' profits, Plaintiff may choose to seek statutory damages pursuant to 15 U.S.C. §504(c), including increased statutory damages for Defendants' willful infringement.

## ELEVENTH CLAIM FOR RELIEF

### (Against All Defendants for Federal Vicarious Copyright Infringement)

161.   Plaintiff realleges and incorporates herein by this reference each and every allegation contained in all of the preceding paragraphs as though fully set forth herein.

162.   As set forth above, Plaintiff alleges that Defendants maintain total control of the sale of all products sold on the SHEIN Sites, and Defendants themselves are the actual sellers of the Infringing Products.  Nonetheless, to the extent any of the Defendants maintain that they have merely sold products as typical online marketplaces, Plaintiff alleges this cause of action for vicarious copyright infringement in the alternative to its cause of action for direct copyright infringement.

163.   Plaintiff alleges on information and belief that, at all times relevant hereto, each of the Third-Party Suppliers was the agent of Defendants, and was at all times acting within the course and scope of such agency, and with the knowledge and approval of each of Defendants, with respect to the Infringing Products, particularly inasmuch as Defendants have the authority to direct and bind the Third-Party Suppliers with respect to sales, offering for sales, distributions and advertising

of the Infringing Products via the SHEIN Sites, and with Defendants asserting and maintaining control over transactions involving the Infringing Products and the SHEIN Sites.

164.   As such, Plaintiff alleges on information and belief that Defendants' infringing conduct in selling, offering for sale, distributing and advertising the Infringing Products on the SHEIN Sites is within the scope of agent/principal actual authority and/or is ratified by Defendants.

165.   Plaintiff alleges on information and belief that, notwithstanding Defendants' duty and right to control the SHEIN Sites and the acts of the Third-Party Suppliers as their agent(s) in connection with the SHEIN Sites and the Infringing Products, Defendants have failed to take any reasonable steps to stop or otherwise prevent the copyright infringements of the Stussy Design as set forth above, including without limitation, permanently disconnecting links directing Defendants' users to the SHEIN Sites advertising the Infringing Products.

166.   Plaintiff alleges on information and belief that Defendants are therefore vicariously liable for the damages caused to Plaintiff as a result of the Third-Party Suppliers' illegal sales, offerings for sale, distributions and/or advertising of Infringing Products on the SHEIN Sites.

167.   Plaintiff alleges on information and belief that Defendants' and the Third-Party Suppliers' wrongful conduct is causing immediate and continuing damages to Plaintiff, as well as irreparable harm and injury to Plaintiff, which will continue unless enjoined.  Defendants' and the Third-Party Suppliers' sales, offerings for sale, distributions and advertisements of the Infringing Products have caused, and continue to cause, a loss of sales of Plaintiff's genuine products and will result in the loss of future sales to customers, unless enjoined, thereby causing substantial loss of profits to Plaintiff along with other financial damages.  Such wrongful acts by Defendants and the Third-Party Suppliers have resulted in sales by Defendants and the Third-Party Suppliers of the Infringing Products, and illegal

1  profits which have unjustly enriched Defendants and the Third-Party Suppliers.

2  Plaintiff has no adequate remedy at law.

3      168.   As set forth above, Plaintiff is entitled to injunctive relief, which is

4  necessary so that Plaintiff may protect all of its rights, reputation and interests in the

5  Stussy Design.  In addition thereto, and as a direct and proximate result of

6  Defendants' and the Third-Party Suppliers' copyright infringements, Plaintiff is also

7  entitled to, *inter alia*, an award of actual damages and disgorgement of Defendants'

8  and the Third-Party Suppliers' profits, the precise sum of which is presently

9  unknown, but which will be determined in accordance with proof at trial, the

10  enhancement of such damages and profits in accordance with 17 U.S.C. § 504,

11  reasonable attorneys' fees and costs of the action under 17 U.S.C. § 505, together

12  with prejudgment interest.  As an alternative to actual damages and Defendants'

13  profits, Plaintiff may choose to seek statutory damages pursuant to 15 U.S.C.

14  §504(c), including increased statutory damages for Defendants' willful

15  infringement.

16                      **PRAYER FOR RELIEF**

17      WHEREFORE, Plaintiff prays for judgment against each of Defendants as

18  follows:

19      1.     For Defendants' trademark infringement, counterfeiting, unfair

20  competition, dilution and false designation of origin, a determination and temporary

21  restraining order, preliminary injunction and/or permanent injunction by the Court

22  that each of Defendants, as well as each of their representatives, agents, servants,

23  officers, directors, employees, attorneys, successors and assigns, and all other

24  persons or entities acting under or in concert or participating with them

25  (collectively, the "Enjoined Persons"):

26          a.     Is enjoined forthwith from using, selling, offering for sale,

27  distributing and/or advertising in commerce reproductions, counterfeits, copies

28  and/or colorable imitations of any of the STUSSY Marks in connection with the use,

sale, offering for sale, distribution and/or advertising of any goods bearing the STUSSY Marks, or which are substantially indistinguishable therefrom;

b.      Is enjoined from using or causing the use of any word, term, name, symbol, device or combination thereof that causes or is likely to cause any confusion, mistake or deception as to any of the STUSSY Marks;

c.      Is enjoined from using or causing the use of any word, term, name, symbol, device or combination thereof that causes or is likely to cause any confusion, mistake or deception as to the affiliation, origin or association of any of Defendants or any of Defendants' goods or services with Plaintiff, or using any false designation of origin or false or misleading description or representation of fact, or making any false or misleading statement, with respect to Plaintiff, any of the STUSSY Marks and/or any genuine Stussy product;

d.      Is enjoined from diluting or infringing the rights of Plaintiff in and to any of the STUSSY Marks, or otherwise damaging Plaintiff's goodwill or business reputation, or that relating to any of the STUSSY Marks, in any manner;

e.      Is enjoined from otherwise using or infringing any of the STUSSY Marks in any manner; and

f.      Is enjoined from aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (e);

2.      For an Order that Defendants shall, under the supervision of the Court, or as may be verified by Plaintiff, destroy all Accused Products, together with all prints, designs, screens, molds, plates and other materials related to and/or involved with the manufacture, creation and/or production of the Accused Products;

3.      For an Order that Defendants shall, within thirty days after service of notice of entry of judgment herein, file with the Court and serve upon Plaintiff's attorneys of record in this action a written report under oath setting forth in detail the manner in which Defendants have complied with the requirements of paragraph 2 of the Prayer for Relief above;

4.      For Defendants' copyright infringement, a determination and temporary restraining order, preliminary injunction and/or permanent injunction by the Court that each of the Enjoined Persons:

a.      Is enjoined forthwith from reproducing, selling or otherwise distributing, publicly displaying, or making derivative works of the Stussy Design, or any substantially similar design including the Infringing Products;

5.      For an Order that Defendants shall, under the supervision of the Court, or as may be verified by Plaintiff, destroy all Infringing Products, together with all prints, designs, screens, molds, plates and other materials related to and/or involved with the manufacture, creation and/or production of the Infringing Products;

6.      For an Order that Defendants shall, within thirty days after service of notice of entry of judgment herein, file with the Court and serve upon Plaintiff's attorneys of record in this action a written report under oath setting forth in detail the manner in which Defendants have complied with the requirements of paragraph 5 of the Prayer for Relief above;

7.      For Defendants' trademark infringement, counterfeiting, unfair competition, dilution and false designation of origin, an award of Plaintiff's actual damages and Defendants' profits in sums to be determined according to proof;

8.      For the trebling of such actual damages and profits;

9.      Alternatively, if Plaintiff so elects at an appropriate time, statutory damages in the maximum amount allowable per counterfeit mark per type of goods sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117;

10.     For punitive and exemplary damages in a sum to be determined at trial on claims under California law;

11.     For Defendants copyright infringement, an award of Plaintiff's actual damages and Defendants' profits in sums to be determined according to proof;

12.     Alternatively, if Plaintiff so elects at an appropriate time, statutory damages pursuant to 17 U.S.C. § 504, enhanced due to Defendants' willful

1  infringement;

2         13.    A finding that this is an "exceptional case" under 15 U.S.C. §1117(a);

3         14.    For Plaintiff's attorneys' fees incurred herein;

4         15.    For Plaintiff's costs of suit incurred herein;

5         16.    For Prejudgment interest; and

6         17.    For such other and further relief as the Court may deem just and proper.

7  Dated:  December 10, 2025              RUTAN & TUCKER, LLP
                                          RONALD P. OINES
8                                         TALYA GOLDFINGER
                                          SARAH VAN BUITEN
9                                         JACKSON BACKER

10                                        By: _____

11                                           Ronald P. Oines
                                             Attorneys for Plaintiff
12                                           STUSSY, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff Stussy, Inc. hereby demands trial by jury of all issues that are so

3 triable in the above action.

4 Dated:  December 10, 2025                    RUTAN & TUCKER, LLP
                                             RONALD P. OINES
5                                            TALYA GOLDFINGER
                                             SARAH VAN BUITEN
6                                            JACKSON BACKER

7                                            By: _____

8                                                Ronald P. Oines
                                                 Attorneys for Plaintiff
9                                                STUSSY, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28